CLERK U.S. FILED
DISTRICT DISTRICT COURT
OF DELAWARE
2005 MAR -1 PM 3: 33

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA         :

      v.                          :  C. A. NO.: 04-100-M

LARRY PACKARD                    :

### REQUEST FOR BRADY MATERIAL

NOW COMES the Defendant, by and through his attorney, and hereby requests that the Government produce all "Brady" material specifically including but not limited to the following:

1. Any and all records and information revealing prior felony convictions or guilty verdicts or juvenile adjudications attributed to each witness called by the State including but not limited to relevant "rap sheets".

2. Any and all records and information revealing prior misconduct or bad acts attributed to the witness, to specifically include but not limited to any arrests, police "contact" reports, whether such acts are incidents of moral turpitude or not.

3. Any and all consideration or promises or consideration given to or on behalf of the witness or expected or hoped for by the witness. By "consideration" Defendant refers to absolutely anything, whether bargained for or not, which arguably could be of value or use to a witness or to persons of concern to the witness, including but not limited to formal or informal, direct or indirect: leniency, favorable treatment or recommendations or other

assistance with respect to any pending or potential criminal parole, probation pardon, clemency, civil, administrative, or other dispute with any other authority or with any other parties; criminal, civil or tax immunity grants; relief from forfeiture; payments of money, rewards or fees, witness fees an special witness fees, provision of food, clothing, shelter, transportation, legal services or other benefits; placement in a "witness protection program", informant status of the witness; and anything else which arguably could reveal an interest, motive or bias in the witness in favor of the State or against the defense or act as an inducement to testify or to color testimony.

    4. Any and all threats, express or implied, direct or indirect, or other coercion made or directed against the witness, criminal prosecutions, investigations, or potential prosecutions pending or which could be brought against the witness, any probationary, parole, deferred prosecution or custodial status of the witness, and any civil, administrative, or other pending or potential legal disputes or transactions with the State or over which the State has real, apparent or perceived influence.

    5. The existence and identification of each occasion on which the witness has testified before any court, grand jury, or other tribunal or body or otherwise officially narrated in relation to the Defendants, the investigation, or the facts of this case.

6. The existence and identification of each occasion on which each witness who was or in an informer, accomplice, co-conspirator, or expert has testified before any court, grand jury, or other tribunal or body. As to each occasion and witness, name the existence and identification of all statements, notes, tape recordings or other means of memorializing the substance of such witnesses' statements.

7. Any and all other records and/or informations which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the State's evidence or which arguably could lead to such records or information.

8. The same records and information requested in items 1 through 7 above with respect to each non-witness declarant whose statements are offered in evidence.

9. Any information tending to show that other persons, excluding the accused, were involved in the crime.

10. Any information that tends to show that the accused had consumed alcohol and/or drugs prior to the commission of the offense.

11. Any information that any of the State's witnesses had consumed alcohol and/or drugs prior to witnessing the events that gave rise to their respective testimony.

12. Any statements of witnesses which conflict either internally or with another statement of the same witness.

13. Any polygraph tests taken and not passed which raise some doubt as to any State's witness or credibility.

14. Any psychiatric, psychological, or mental evaluations taken by a State's witness or any evidence of psychiatric, psychological or mental treatment of any State's witnesses.

15. Any hypnosis given to any State's witness to assist that witness' memory for investigative or trial preparation purposes.

16. Any internal documents or other evidence of any law enforcement official's misfeasance, malfeasance or negligence whether by acts of omission or commission, in the performances of his/her duties, concerning this specific case.

17. Any training guides, manuals or other similar materials which give information relative to an investigation or arrest which were not used in this particular arrest or investigation.

18. In the case of any scientific evidence, textbooks, date, manuals, guides or other similar materials which suggest alternative methods to the one used.

19. Any evidence of the periodic destruction of any evidence such as a police department retention policy.

20. The names and addresses of any individuals who were considered at any time during the case as possible suspects that led to this conclusion.

21. "Mugshots", photographs or other physical evidence used but eliminated during the course of the investigation and the reasons for their discontinuance.

22. The names and addresses of other individuals who may have confessed to this crime or crimes with a similar modus operandi.

23. Any statement of a witness or other individual which presents or indicates a doubt as to the identity of the accused, the location of the crime, or the description of any tangible item relevant to the charge.

LAW OFFICE OF
EDWARD C. GILL, P.A.

_____
Edward C. Gill, Esquire
Attorney for Defendant
P.O. Box 824
Georgetown, DE 19947
854-5400

DATED: 2/28/05

## AFFIDAVIT OF MAILING

STATE OF DELAWARE    :

COUNTY OF New Castle :

    BE IT REMEMBERED that on this 28th day of February, 2005, personally appeared before me, the Subscriber, a Notary Public for the State and County aforesaid, Judy Maddox, Secretary, and being duly sworn according to law deposes and says that she forwarded Request for Brady

To:  Captain Rivera-Miranda
      436 AW/JA 200 Eagle Way
      Dover Air Force Base
      Dover, Delaware  19902

by United States Mail with postage prepaid.

*Judy Maddox*
Judy Maddox

    SWORN TO and SUBSCRIBED before me the 28th day of February, 2005.

*Jennifer K. G. Dorr*
Notary Public
Jennifer K. G. Dorr
Notary Public
State of Delaware
Commission Expires 12/1/06